IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ROSALIND MARIE HUMPHREY** | * | **CIVIL ACTION NO. 06-0747** |
| **VERSUS** | * | **JUDGE JAMES** |
| **RICO STOKES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Appointment of Counsel filed by *pro se* plaintiff, Rosalind Marie Humphrey ("Humphrey"). (Document No. 3). In reviewing the motion, the undersigned has come to the conclusion that the underlying facts of Humphrey's complaint (Document No. 1) fail to support federal subject matter jurisdiction; it is therefore recommended that this matter be **DISMISSED** *sua sponte* **without prejudice for lack of subject matter jurisdiction.**

## BACKGROUND

Humphrey asserts a claim ostensibly under 42 U.S.C. § 1983 against the following defendants: the owner and general manager of Interstate Dodge, a car dealership located in Monroe, Louisiana; Rico Stokes, an employee of Interstate Dodge; Daimler Chrysler Financial Services; Imperial Fire and Casualty Insurance Company; the Louisiana Department of Public Safety; and the Louisiana Attorney General. Humphrey alleges that the defendants, collectively, discriminated against her based on her race and gender when Rico Stokes ("Stokes"), a sales agent with Interstate Dodge, sold her an automobile.

According to Humphrey, after placing a down payment of $1,700, Stokes promised her that Daimler Chrysler Financial Services would finance the remaining balance of $1,400 and allowed her to take possession of the automobile; however, three weeks later, while Humphrey was in New Orleans on business, Stokes sent two employees of Interstate Dodge to repossess the automobile due to a lack of financing. After returning to the dealership, paying the balance owed

and additional registration fees, and requesting the title and license plates, Humphrey was informed by Stokes that the title and plates would arrive within a few days. After failing to hear from Stokes, Humphrey reported the incident to the Louisiana State Police, who allegedly called Stokes and ordered him to give Humphrey the title to the automobile. Upon arriving at Interstate Dodge, Stokes told Humphrey that she would have to acquire the title herself and refused to refund the registration fees. Taking matters into her own hands, Humphrey attempted to obtain a temporary license tag from the Office of Motor Vehicles ("OMV"), who informed her that the automobile had been in two prior accidents, was considered a total loss, and would require additional paperwork to obtain the title and registration.

Based on the above facts, Humphrey claims that, under section 1983, the defendants are liable for deceptive business practices, discrimination, and negligence.

## LAW AND ANALYSIS

Federal courts have a constant obligation to examine the basis for their jurisdiction, and "[t]he issue may be raised by the parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (citing Fed. R. Civ. P. 12(h)(3); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.*, 562 F.2d 938, 940 n.2 (5th Cir. 1977); *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980). As such, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot.*, 85 F.3d 244, 248 (5th Cir. 1998). In this case, jurisdiction is lacking under both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.

As implied in its title, federal question jurisdiction requires a plaintiff to allege a claim "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a plaintiff has properly alleged a federal question, courts employ the well-pleaded complaint rule: "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart v. Bayer Corp.*, 199 F.3d 239, 243-4 (5th Cir.

2000).

Even assuming Humphrey's factual allegations to be true, her complaint fails to assert a claim under federal law. Although Humphrey cites 42 U.S.C. § 1983 as a basis for jurisdiction, her complaint and the facts alleged therein fail to show that (1) a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law. *See* 42 U.S.C. § 1983; *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (1985). Instead of a deprivation or violation of a constitutional right [1], Humphrey's allegations amount to a claim against Interstate Dodge and its employees under state law. *See* La. Rev. Stat. Ann. §§ 51:1401 *et seq.* (Unfair Trade Practices and Consumer Protection Law); 51:1941 *et seq.* ("Lemon" laws); La. Civ. Code Ann. arts. 1953 (fraud), 2520 (warranty against redhibitory defects); *see also DM&M v. Modern Auto Wreckers, Inc.*, 98-2514 (La. App. 4 Cir. 3/31/99); 731 So.2d 1007 (affirming judgment for plaintiff who had alleged that two cars defendant had represented to have good title were merely salvage vehicles). Additionally, other than naming the Louisiana Attorney General and OMV as defendants, without describing how they acted in concert with the other named defendants, Humphrey has failed state a claim against them at all, or to allege that they or any of the defendants acted under color of state law. Because Humphrey has failed to assert a claim under federal law, the court lacks jurisdiction over this matter, and, although her claims certainly state a cause of action against Rico Stokes and Interstate Dodge, those claims arise under state law and should be filed in state court.

Although not alleged, the undersigned notes that diversity jurisdiction under 28 U.S.C. § 1332 also does not exist in this case. At least one of the defendants is a citizen of Louisiana, thus destroying complete diversity, and the complaint's jurisdictional allegation does not specify an

---

[1] Humphrey begins the factual section of her complaint by alleging that she was discriminated against because of her race and gender; however, the allegations that follow this one fail to provide any facts to support this broad charge and, as described above, suggest a claim under state tort and consumer protection law.

3

amount in controversy, much less the requisite amount of in excess of $75,000.00.

Therefore, for the reasons stated above, it is recommended that this civil action be **DISMISSED without prejudice** for lack of subject matter jurisdiction. Because the dismissal would be without prejudice, the plaintiff would be free to re-file her suit in state court.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE